IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ALLEN ALEXANDER PARKS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-968-D |
| | ) | |
| OKLAHOMA COUNTY SHERIFF P.D. TAYLOR, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 6] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon initial screening of the Complaint, Judge Erwin recommends the dismissal of certain claims asserted in this civil rights action under 42 U.S.C. § 1983, namely, "all claims against Oklahoma County, the Oklahoma County Sheriff's Department, Oklahoma County Detention Center, and the official capacity claims against the individual defendants." *See* R&R at 1. Plaintiff has filed a timely objection [Doc. No. 8]. The Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action to recover damages for alleged violations of his constitutional rights during his pretrial

confinement in the Oklahoma County Detention Center (OCDC).[1] Judge Erwin finds that Plaintiff has named a total of twelve institutional and individual defendants, and has sued the individual defendants "in both their individual and official capacities." *See* R&R at 2. Judge Erwin also finds, however, that Plaintiff has failed to allege sufficient facts to state a § 1983 claim against Oklahoma County or to state official-capacity claims against the individual defendants, who are county officers and employees, and that OCDC and the Oklahoma County Sheriff's Department lack the capacity to be sued. Judge Erwin thus concludes that Plaintiff's § 1983 action against Oklahoma County should be dismissed without prejudice to refiling, and that the official-capacity action and claims against OCDC and the sheriff's department should be dismissed with prejudice. *See* R&R at 6-7.

Plaintiff does not disagree with Judge Erwin's findings and conclusions. He instead objects only to a dismissal of his suit against the individual defendants in their individual capacities. *See* Pl.'s Obj. (stating "the magistrate erred to overlook that the defendants were <u>also</u> sued in their <u>individual</u> capacity" and "the plaintiff did state a claim against the cited persons sued in their individual capacity") (emphasis in original). Further review of all other issues addressed by Judge Erwin is waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1] Plaintiff states he was a convicted inmate during part of his OCDC confinement. Taking judicial notice of state court records for the criminal case referenced in Plaintiff's Complaint, *State v. Parks*, No. CF-2016-7670 (Okla. Cty., Okla.), appeal pending, No. F-2018-628 (Okla. Crim. App.), Plaintiff was convicted by a jury in May 2018 and sentenced in June 2018. The Complaint and supporting declarations describe events that occurred in late 2017 and early 2018.

Upon *de novo* consideration of the issues raised by Plaintiff's Objection, the Court finds no contested issue for decision. Judge Erwin does not recommend any disposition of the individual-capacity § 1983 claims but, instead, states the R&R "does not dispose of all issues referred to the undersigned magistrate judge in the captioned matter." *See* R&R at 7. In other words, if the Court adopts the R&R and orders a dismissal of the specific claims addressed by Judge Erwin, the case will proceed on the individual-capacity claims. It is anticipated that the remaining claims will be the subject of further proceedings in the case, and will later be addressed in a separate report at an appropriate time.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 6] is ADOPTED, as set forth herein. Plaintiff's action against Oklahoma County is DISMISSED without prejudice to refiling. Plaintiff's official-capacity action against the individual defendants and his action against the Oklahoma County Sheriff's Department and Oklahoma County Detention Center are DISMISSED with prejudice to refiling.

IT IS SO ORDERED this 17th day of January, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE