IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLEN ALEXANDER PARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-968-D |
| ) | |
| OKLAHOMA COUNTY SHERIFF ) | |
| P.D. TAYLOR, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Plaintiff's Objection to District's 7/13/20 Order Denying Request for Certification of an Interlocutory Appeal [Doc. No. 112]. Liberally construed due to his *pro se* status, Plaintiff moves for reconsideration of the Order of July 13, 2020 [Doc. No. 110], denying certification under Fed. R. Civ. P. 54(b) to permit an immediate appeal from the Order of March 17, 2020, dismissing some of his claims.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *see United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Reconsideration "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete*, 204 F.3d at 1012 (citations omitted); *accord Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). "It is

not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012 (citations omitted).

Upon consideration, the Court finds that Plaintiff fails to provide a sufficient reason to revisit the July 13 Order regarding Rule 54(b) certification. He primarily presents further argument regarding the merits of one of his civil rights claims under 42 U.S.C. § 1983 and the Court's March 17 dismissal of the claim on the ground of qualified immunity. Plaintiff addresses the Court's findings under Rule 54(b) only in a cursory manner, and simply disagrees with the determination that an immediate appeal is not warranted under the circumstances. *See* Obj. at 14-15. The Court declines to reconsider the July 13 Order.

IT IS THEREFORE ORDERED that Plaintiff's Objection to District's 7/13/20 Order Denying Request for Certification of an Interlocutory Appeal [Doc. No. 112], construed as a motion of reconsideration, is DENIED.

IT IS SO ORDERED this 12th day of August, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge