## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ALLEN ALEXANDER PARKS,                 )
                                       )
      Plaintiff,                       )
                                       )
v.                                     )      Case No. CIV-18-968-D
                                       )
OKLAHOMA COUNTY SHERIFF                )
P.D. TAYLOR, *et al.*,                 )
                                       )
      Defendants.                      )

## **O R D E R**

This matter comes before the Court for review of the Report and Recommendation issued August 14, 2020, by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  Following prior rulings by the Court dismissing Plaintiff's § 1983 claims against certain defendants, Judge Erwin recommends a dismissal of the remainder of Plaintiff's action.[1]   Specifically, Judge Erwin recommends a dismissal without prejudice regarding five remaining defendants, four of whom have not been served with process (Major Herron, Sergeant Hanson, Corporal Wilson, and Officer Stasnett) and one who was finally served in December 2019 (Lieutenant Ronnie Neal) but has been sued in a separate § 1983 action regarding the same claim.  *See Parks v. Taylor*, Case No. CIV-19-1188, Compl. (W.D. Okla. Dec. 24, 2019).

---

[1]  See 1/17/19 Order [Doc. No. 11] (dismissing Oklahoma County, Oklahoma County Sheriff's Department, Oklahoma County Detention Center, and official-capacity claims); 3/17/20 Order [Doc. No. 93] (dismissing action against Sheriff P.D. Taylor, Tiffany Carter, Christopher Hendershott, and Keith Jackson in their individual capacities).

After several extensions of time, Plaintiff has filed an Objection [Doc. No. 127] to state his disagreement with any finding that he is to blame for a lack of timely service or for failing to prosecute his case against Lt. Neal.  Plaintiff points out, however, that he has made a separate motion to voluntarily dismiss under Fed. R. Civ. P. 41(a) the five defendants who are subjects of the pending R&R.  Specifically, with his Objection, Plaintiff filed a "Motion for Leave of Court to Grant a Fed. R. Civ. P. 41(a)(2) Voluntary Dismissal (Without Prejudice) of All Claim Counts Against Defendants Neal, Herron, Hanson, Wilson, and Stasnett as All Such Claim Counts Are . . . Properly Being Prosecuted Against These Defendants in CIV-19-1188-D" [Doc. No. 128].[2]  Plaintiff affirmatively states that granting his request for voluntary dismissal will render his Objection to the R&R moot.  *See* Mot. ¶ 9; *see also* Obj. ¶ 9 [stating "Plaintiff holds firm in this Objection" if voluntary dismissal is denied).  Plaintiff explains that he is electing to pursue the dismissed defendants and claims in separate cases so that he can obtain a final judgment in this case and appeal a prior ruling, for which he unsuccessfully sought Rule 54(b) certification.  *See* Pl.'s Obj. ¶ 8, Mot. ¶ 10; *see also* 7/13/20 Order [Doc. No. 110].

Because Plaintiff appears *pro se*, the Court must liberally construe his pleadings and arguments, but it cannot act as his advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1

---

[2]  In addition, before filing his Objection, Plaintiff filed a "Fed. R. Civ. P. 41(a)(2) Motion for Leave of Court to Grant a Voluntary Dismissal of Specific Claim Counts Against Specific Defendants (Being Dismissed Without Prejudice) as Such Claim Counts Are Being Re-Filed Against These Defendants in Plaintiff's Amended [Case No.] CIV-19-1137-D" [Doc. No. 126]. Plaintiff includes in this Motion one § 1983 claim against Defendant Neal allegedly added by a recent amendment of his pleading in another pending action. *See Parks v. Taylor*, Case No. CIV-19-1137-D, Am. Compl. (W.D. Okla. Nov. 6, 2020).

(10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (*pro se* litigants must "follow the same rules of procedure that govern other litigants").  Thus, without expressing any opinion about Plaintiff's litigation strategy, the Court recognizes at this stage of the case – before any defendant has answered or moved for summary judgment – that Plaintiff may dismiss his action by simply filing a notice of dismissal.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i).[1]  When a plaintiff files a notice or stipulation of dismissal under Rule 41(a)(1)A), the filing "is self-executing," *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011), and "no action is required on the part of the court." *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003); *see also Netwig v. Ga. Pac. Corp.*, 375 F.3d 1009, 1010 (10th Cir. 2004) (dismissal was effective on date of Rule 41(a)(1) filing).  Viewing Plaintiff's filings as either a notice of voluntary dismissal or a motion for a court-ordered dismissal of the remaining claims under Rule 41(a)(2), the Court finds that Plaintiff should be permitted to prosecute his § 1983 claims in the manner he chooses and, therefore, a dismissal should be ordered.

For this reason, the Court finds that Plaintiff's request to dismiss without prejudice the action against the five remaining defendants should be granted.  In light of this dismissal, the Court further finds that the issues addressed in the R&R are moot.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 115] is deemed MOOT and that Plaintiff's Motions for Voluntary Dismissal [Doc. Nos. 126, 128] are GRANTED.  Plaintiff's action against Defendants Herron, Neal,

Hanson, Wilson, and Stasnett is DISMISSED without prejudice.[3]   Because this Order

disposes of all remaining parties and claims, a separate judgment shall be entered.

IT IS SO ORDERED this 30th day of November, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[3]   Plaintiff's excessive force claim against Defendant Hendershott discussed in the first
Rule 41(a) Motion [Doc. No. 126] was previously dismissed by the Court.  *See* 3/17/20 Order
[Doc. No. 93] at 15.